UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK HOWARTH,

    Petitioner,

v.                                                                Case No. 6:24-cv-1874-JSS-LHP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL,

    Respondents.
_____/

## ORDER

Petitioner Mark Howarth has filed a document entitled "Formal Challenge of Criminal History Information." (Dkt. 1.) Because the title references a challenge to Petitioner's underlying state criminal case, and because Petitioner included the case number for his previously denied Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, *see Howarth v. Sec'y, Dep't of Corr.*, No. 6:18-cv-727-GKS-LRH (M.D. Fla.), Dkt. 50, the Clerk used the present document to open a new case under § 2254. However, it is unclear what kind of action Petitioner seeks to pursue. Among other things, Petitioner references the case number for his prior habeas action, (Dkt. 1 at 1), notes his prior challenge to the arresting officer's charging affidavit, and appears to imply that the manners of his arrest and in which identified officers performed their duties were not in accord with Florida law or the United States Constitution, (*id.* at 2–4).

Thus, the document may be read as either an attempt to request reconsideration of the denial of his § 2254 petition, or as a successive petition for federal habeas relief.

Petitioner also attaches a Notice of Intent to Sue, (Dkt. 1-7), regarding the alleged withholding of discovery in his underlying criminal case, in which he seeks "injunctive, declaratory, nominal, compensatory, and punitive damages," (*id.* at 4), and claims that "the State Attorney's Office maintained a policy or custom and practice of the withholding of evidence from [him] and possibly other defendants," (*id.* at 3) — allegations and forms of relief that seem to imply possible civil rights claims.

Finally, Petitioner cites 34 U.S.C. § 10231(b), (Dkt. 1 at 1), and asserts that the Orlando Police Department "publicly decla[re]s that . . . [P]etitioner was arrested [on] 12-30-2008 on their website, yet there is no justifiable issue of law or fact to support that false claim," (*id.* at 4.) He states that, "based on the foregoing and the prior petition for Correct Court Error, regarding *Giglio* violation[,] the petitioner moves the Court to transfer state case in accordance with 34 U.S.C. § 10237." (*Id.*)

Regardless of the type of action, Petitioner fails to use the standard form, as required by the local rules. *See* M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form . . . to file: (1) an application under 28 U.S.C. § 2241, (2) an application under 28 U.S.C. § 2254 . . . , or (3) a complaint, such as a 42 U.S.C § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a government official."). *See also* Rule 2(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Further, Petitioner may not pursue a civil rights action together with a habeas action. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 494,

- 2 -

500 (1973) (explaining that, "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy," that instead "a damages action by a state prisoner could be brought under the Civil Rights Act in federal court," but that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Further still, Petitioner has not paid the filing fee or moved to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914(a), 1915(a)–(b).

Accordingly:

1. This case is **DISMISSED without prejudice** to afford Petitioner the opportunity to refile his claims using a standard form that complies with all applicable procedural rules.

    a. Petitioner should not place the present case number on the standard form, as this case is closed.

    b. The Clerk will use any such newly filed pleading to initiate a new case and will assign it a new case number.

    c. At the time of such filing, Petitioner must either pay the filing fee or move to proceed in forma pauperis.

2. The Clerk is **DIRECTED** to close this case and to mail the following forms to Petitioner:

    a. the standard application for leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254;

- 4 -

    b. the standard 42 U.S.C. § 1983 prisoner civil rights complaint form;

    c. the standard civil complaint form; and

    d. the standard prisoner affidavit of indigency form.

**ORDERED** in Orlando, Florida, on October 29, 2024.

                                        JULIE S. SNEED
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party